## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAMES WIGGINS**, individually and on behalf of others similarly situated, | Complaint - Class Action |
| Plaintiff, | Jury Trial Demanded |
| vs. | Civil Case No.: |
| **SERVICE MEASURE LLC**, | |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff James Wiggins, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Service Measure LLC, and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Plaintiff brings this action for himself and all other similarly situated hourly-paid field data collectors to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2.      Plaintiff also brings this action for himself and on behalf of all other similarly situated hourly-paid field data collectors to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Kentucky Revised Statutes ("KRS"), Chapter 337, §§ 337.020 to 337.285, the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2, the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29, and the

1

Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.* ("Pennsylvania Wage Acts").

3.    Defendant Service Measure LLC operates throughout the United States and Canada, specializing in project management solutions with a focus on field operations and data collection.[1]

4.    Defendant employs hourly-paid field data collectors who are responsible for collecting geospatial data by driving company cars equipped with cameras and computer equipment and software in designated "mapping areas."

5.    Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid field data collectors employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

  a.    Failing to pay hourly-paid field data collectors for all hours worked at or around the start of their scheduled shifts, including turning on and logging into work computers, preparing and submitting work reports, cleaning and setting up their work cameras, and traveling from their homes or hotels to their assigned mapping areas;

  b.    Failing to pay hourly-paid field data collectors for all hours worked at or around the end of their shifts, including traveling from their assigned mapping areas to their homes or hotels, preparing and submitting work reports, and shutting down, folding, and covering their work cameras;

  c.    Failing to pay hourly-paid field data collectors for all time spent traveling between their homes and the hotels at which they are assigned to work.

  d.    Paying hourly-paid field data collectors for some hours worked over 40 in a week at their straight rates of pay, with no overtime premium;

  e.    Failing to include all non-base compensation in hourly-paid field data collectors' overtime rates of pay, including bonuses.

---

[1] https://www.servicemeasure.us/

6.      As a result of these policies, Defendant failed to pay hourly-paid field data collectors for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL.

7.      Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective" defined as:

> All hourly-paid field data collectors employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.

8.      Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid field data collectors of Defendant informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

9.      Plaintiff asserts the KRS Chapter 337 claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Kentucky Class" defined as:

> All hourly-paid field data collectors employed by Defendant in Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.

10.     Plaintiff asserts the VOWA and VWPA claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Virginia Class" defined as:

> All hourly-paid field data collectors employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the filing of this Complaint through the date of judgment.

11.     Plaintiff asserts the PMWA and WPCL claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Pennsylvania Class," defined as:

> All hourly-paid field data collectors employed by Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint

*through the date of judgment.*

12.    Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

14.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

15.    The Court has general personal jurisdiction over Defendant because it is domiciled in New York.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

17.    Defendant Service Measure LLC is a limited liability company created and existing under and by virtue of the laws of the State of New York.

18.    Service Measure LLC has a principal address at 150 E Garden Road, Larchmont NY 10538.

19.    Plaintiff James Wiggins ("Wiggins") is a resident of Whitesburg, Kentucky.

20.    Wiggins has been employed by Defendant since February 2024 as an hourly-paid field data collector.

21.    Wiggins has performed work for Defendant in Kentucky, Pennsylvania, Tennessee, and Virginia.

4

22.     Wiggins' written consent to become an FLSA party plaintiff is attached hereto as Exhibit 1.

## FACTUAL ALLEGATIONS[2]

23.     Defendant operates throughout the United States and Canada, specializing in project management solutions with a focus on field operations and data collection.

24.     Defendant operates an enterprise engaged in commerce as defined under the FLSA.

25.     Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

26.     Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.     Hourly-paid field data collectors are individually engaged in commerce, for purposes of FLSA coverage.

28.     Defendant is the "employer" of hourly-paid employees within the meaning of the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL.

29.     Hourly-paid field data collectors are "employees" of Defendant within the meaning of the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL.

30.     Hourly-paid field data collectors' primary job duty is to collect geospatial data by driving company cars equipped with cameras and computer equipment and software in designated "mapping areas" and marking locations on a computer screen.

---

[2] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

31.     Defendant assigns hourly-paid field data collectors to perform work for several days or weeks at a time at mapping areas that are outside their home communities.

32.     Defendant provides hourly-paid field data collectors with lodging at hotels near the mapping areas at which they are assigned to work, at which they reside overnight for several days or weeks at a time.

33.     Hourly-paid field data collectors use company cars as a means of transportation to travel to and from their homes to their assigned mapping areas and/or hotels.

34.     Hourly-paid field data collectors' base compensation consists of an hourly rate of pay.

35.     In addition to their base compensation, Defendant also pays hourly-paid field data collectors through forms of compensation including but not limited to bonuses and per diems.

36.     Defendant is contractually obligated to pay each hourly-paid field data collector for all hours worked.

37.     Defendant suffers and permits hourly-paid field data collectors to regularly work more than forty (40) hours per week.

38.     Defendant determines how many hours to pay field data collectors for in each week based on the number of daily work hours their field data collectors report in the company's electronic timekeeping system.

39.     Defendant deducts hours reported in the company timekeeping system from hourly-paid field data collectors' paid time, causing them to not receive their hourly or overtime wages for all hours worked.

40.     Defendant deducts one (1) hour per day from hours reported in the company timekeeping system from hourly-paid field data collectors' paid time.

41.     Defendant has explained to hourly-paid field data collectors that this one hour represents travel time to get from home/hotel to the mapping area and then from the mapping area back home/hotel.

42.     Defendant knows or should know that hourly-paid field data collectors perform work during the periods of time that it deducts from their pay.

43.     Defendant knows or should know that hourly-paid field data collectors perform work at or around the start of their shifts, including turning on and logging into work computers, preparing and submitting work reports, cleaning and setting up their work cameras, and traveling from their homes or hotels to their assigned mapping areas, during the periods of time that it deducts from their pay.

44.     Defendant knows or should know that hourly-paid field data collectors perform work at or around the end of their shifts, including traveling from their assigned mapping areas to their homes or hotels and submitting work reports, during the periods of time that it deducts from their pay.

45.     Defendant knows or should know that hourly-paid field data collectors perform work, including traveling between their homes and the hotels at which they are assigned to work, during the periods of time that it deducts from their pay.

46.     Defendant's hour-per-day deduction results in hourly-paid field data collectors not being paid for all of the time they spend turning on and logging into work computers, preparing and submitting work reports, cleaning and setting up their work cameras, and traveling from their homes or hotels to their assigned mapping areas.

47.     Defendant's hour-per-day deduction results in hourly-paid field data collectors not being paid for all of the time they spend traveling from their assigned mapping areas to their homes

or hotels and submitting work reports.

48.     Defendant's hour-per-day deduction results in hourly-paid field data collectors not being paid for all the time they spend traveling between their homes and the hotels at which they are assigned to work.

49.     Defendant suffers and permits hourly-paid field data collectors to shut down, fold, and cover their work cameras after clocking out at the end of their shifts, and does not pay them for such time.

50.     The time hourly-paid field data collectors spend traveling between their homes and their assigned mapping areas and/or hotels is compensable under the FLSA because it cuts across their normal working hours. *See* 29 C.F.R. § 785.39.

51.     Defendant knows or should know that the time hourly-paid field data collectors spend traveling between their homes and their assigned mapping areas and/or hotels cuts across their normal working hours.

52.     The time hourly-paid field data collectors spend turning on and logging into work computers, preparing and submitting work reports, cleaning and setting up their work cameras, traveling from their homes or hotels to their assigned mapping areas, traveling from their assigned mapping areas to their homes or hotels, preparing and submitting work reports, and shutting down, folding, and covering their work cameras  is compensable under the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL.

53.     Defendant fails to pay hourly-paid field data collectors wages for all hours worked.

54.     In most weeks, Defendant's failure to pay hourly-paid field data collectors' wages for all hours worked results in them not receiving 1.5x their regular rates of pay for all hours worked over 40 in the workweek.

55.    Defendant pays hourly-paid field data collectors for some hours worked over 40 in a week at their straight rates of pay, with no overtime premium.

56.    For example, in the weeks of March 18 – March 31, 2024, Defendant paid Plaintiff for 83.86 hours at his regular rate of $15.00 attached hereto as Exhibit 2.

57.    Defendant should have paid Plaintiff for 3.86 hours at 1.5 times his regular rate of pay in determining his overtime rate of pay, but failed to do so, and instead calculated Plaintiff's 3.86 overtime hours only based on his regular rate.

58.    Defendant fails to include hourly-paid field data collectors' "Bonus" pay as part of the "total remuneration" it uses to calculate their regular and overtime rates, respectively.

59.    The FLSA requires overtime to be paid at least 1.5 times an employee's "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108.

60.    Despite paying non-base compensation (including "Bonus" pay) to hourly-paid field data collectors, Defendant fails to include such remuneration in its calculation of their regular rates and, as a result, their overtime rates.

61.    For example, in the weeks of May 27 – June 9, 2024, Defendant paid Plaintiff for 63.03 hours at his regular rate of $15.00, for 12.30 hours of overtime at a rate of $22.50 (1.5x of his base rate), and $120.00 in "Bonus" pay attached hereto as Exhibit 3.

62.    Defendant should have included the $120.00 in "Bonus" pay, in addition to Plaintiff's base rate of $15.00, in determining his overtime rate of pay, but failed to do so, and instead calculated Plaintiff's $22.50 only based on his base rate.

63.    Defendant is aware of, and/or recklessly disregards the possibility that non-base compensation (including "Bonus" pay) it pays to hourly-paid field data collectors is lawfully

required to be included in the calculation of their overtime rates but fails to do so.

64.     Defendant has willfully violated the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL.

65.     Defendant's wrongful actions and omissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

66.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

67.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid field data collectors who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

68.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid field data collectors employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

69.     As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

70.     Plaintiff brings this collective action against Defendant to recover unpaid minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

71.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

72.     Plaintiff seeks to send notice to the hourly-paid field data collectors of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

73.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action is similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

74.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that has often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

75.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

76.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

77.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid field data collectors who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time

and overtime compensation, in violation of the KRS, VOWA, VWPA, PMWA, and WPCL.

78.    Plaintiff brings this Rule 23 class action on behalf of:

a.  the "Rule 23 Kentucky Class," defined as: all hourly-paid field data collectors employed by Defendant in Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment;

b.  the "Rule 23 Virginia Class," defined as: all hourly-paid field data collectors employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the filing of this Complaint through the date of judgment; and

c.  the "Rule 23 Pennsylvania Class," defined as: all hourly-paid field data collectors employed by Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.

Plaintiff reserves the right to amend these definitions as necessary.

79.    Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the KRS, VOWA, VWPA, PMWA, and WPCL.

80.    The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 40 members of each class. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

81.    There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

82.    Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time

12

and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

83.     All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

84.     Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

85.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

86.     Plaintiff, individually and on behalf of the Rule 23 class members, demands a trial by jury.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

87.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

88.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of her employees who in any

> workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

89.    Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

90.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

91.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

92.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

93.    Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

94.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of KRS § 337.285**
**Failure to Pay Overtime Wages**

95.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

96.     KRS § 337.285 provides: "[n]o employer shall employ any of his or her employees for a work week longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he or she is employed…"

97.     Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendant in many workweeks.

98.      As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

99.     As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of 1.5 of their regular rates of pay.

100.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

101.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to KRS § 337.385.

**COUNT III**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of KRS § 337.020**
**Failure to Pay Wages**

102.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

103.    KRS § 337.020 requires "[e]very employer doing business in this state [to], as often as semimonthly, pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment."

104.    Defendant was contractually obligated to pay Plaintiff and the Rule 23 class members for all hours worked.

105.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

106.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

107.    As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to KRS § 337.385.

### COUNT IV
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**<u>Violation of the VOWA</u>**
**<u>Failure to Pay Overtime Wages</u>**

108.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

109.    The VOWA provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act … shall be liable to the employee for the applicable remedies, damages, or other relief available under the Federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29."

110.    Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendant in many workweeks.

111.     As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

112.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of 1.5 of their regular rates of pay.

113.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

114.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VOWA. *See* Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2.

## COUNT V
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of the VWPA
### Failure to Pay Wages

115.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

116.    The VWPA requires every employer to pay "employees paid on an hourly rate at least once every two weeks or twice in each month," Va. Code Ann. § 40.1-29(A), and that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action…." Va. Code Ann. § 40.1-29(J).

117.    Defendant was contractually obligated to pay Plaintiff and the Rule 23 class members for all hours worked.

118.    As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

119.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

120.    As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VWPA.

**COUNT VI**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**<u>Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.</u>**
**<u>Failure to Pay Overtime Wages</u>**

121.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

122.    Plaintiff and the Rule 23 Pennsylvania Class members worked over forty (40) hours a week for Defendant in many workweeks.

123.     As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked in excess of forty (40) hours in a workweek.

124.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members overtime pay at a rate of 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek, in violation of 43 Pa. Stat. Ann. § 333.104(c).

125.    Defendant's conduct and practices, described herein, were willful, intentional,

unreasonable, arbitrary, and in bad faith.

126.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Pennsylvania Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to 43 Pa. Stat. Ann. § 333.113.

**COUNT VII**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1,** *et seq.*
**Failure to Pay Wages**

127.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

128.    Defendant was contractually obligated to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked.

129.    As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members their agreed-upon wages for all hours worked, in violation of 43 Pa. Stat. Ann. § 260.3(a).

130.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

131.    As a result of Defendant's conduct described above, Plaintiff and the Rule 23 Pennsylvania Class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to 43 Pa. Stat. Ann. § 260.9a(b) and (f) and. § 260.10.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief

against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the KRS, VOWA, VWPA, PMWA, and WPCL;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL, and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the KRS, VOWA, VWPA, PMWA, and WPCL claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Plaintiff as the representative of the FLSA Collective and Rule 23 Classes in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA Collective and Rule 23 Classes in this action;

(J)     Judgment for damages for all unpaid minimum wages, overtime wages, and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K)     Judgment for damages for all unpaid overtime wages liquidated damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the KRS, VOWA, VWPA, PMWA, and WPCL;

(L)     An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Rule 23 Classes in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, KRS, VOWA, VWPA, PMWA, and WPCL;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 Class members may be entitled; and

(O)     Such other and further relief as this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 Classes and its members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully Submitted,

Dated: March 14, 2025                                    **BROWN, LLC**

By:   /s/ Nicholas Conlon
Nicholas Conlon
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000

F: (855) 582-5279
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*