UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES WIGGINS, individually and on behalf of others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>SERVICE MEASURE LLC,<br><br>            Defendant. | Case No.: 1:25-cv-01451-DG-LKE<br><br>**DEFENDANT'S ANSWER AND DEFENSES** |

Defendant Service Measure LLC ("Defendant"), by and through its undersigned counsel, Jackson Lewis P.C., hereby files its Answer and Defenses to Plaintiff James Wiggins ("Plaintiff") Collective and Class Action Complaint ("Complaint") and states as follows:

## AS TO INTRODUCTION

1. No response is required to the allegations set forth in Paragraph "1" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein.

2. No response is required to the allegations set forth in Paragraph "2" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein.

3. Defendant admits the allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4. Defendant admits the allegations set forth in Paragraph "4" of Plaintiff's Complaint.

5. Defendant denies the allegations, including as stated in subparagraphs (a) through (e), set forth in Paragraph "5" of Plaintiff's Complaint.

6.      Defendant denies the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7.      No response is required to the allegations set forth in Paragraph "7" of Plaintiff's Complaint to the extent they call for a legal conclusion.  To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff purports to proceed as described therein.

8.      No response is required to the allegations set forth in Paragraph "8" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff purports to proceed as described therein.

9.      No response is required to the allegations set forth in Paragraph "9" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff purports to proceed as described therein.

10.     No response is required to the allegations set forth in Paragraph "10" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff purports to proceed as described therein.

11.     No response is required to the allegations set forth in Paragraph "11" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Plaintiff purports to proceed as described therein.

12.     Defendant denies the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

**AS TO JURISDICTION AND VENUE**

13.     Defendant denies the allegations set forth in Paragraph "13" of Plaintiff's Complaint, except avers that jurisdiction is proper.

14.     Defendant denies the allegations set forth in Paragraph "14" of Plaintiff's Complaint, except avers that jurisdiction is proper.

15.     Defendant denies the allegations set forth in Paragraph "15" of Plaintiff's Complaint, except avers that jurisdiction is proper.

16.     Defendant denies the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

**AS TO PARTIES**

17.     Defendant denies the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18.     Defendant admits the allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "19" of Plaintiff's Complaint.

20.     Defendant denies the allegations set forth in Paragraph "20" of Plaintiff's Complaint, except avers that Plaintiff has been employed by Defendant in this position at certain times since February 2020.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in Paragraph "21" of Plaintiff's Complaint.

22.     Defendant neither admits nor denies the allegations set forth in Paragraph "22" of Plaintiff's Complaint, but refers to the document referenced for a true and correct statement of its contents.

## AS TO FACTUAL ALLEGATIONS

23.     Defendant admits the allegations set forth in Paragraph "23" of Plaintiff's Complaint.

24.     No response is required to the allegations set forth in Paragraph "24" of Plaintiff's Complaint to the extent they call for a legal conclusion.  To the extent a response is required, Defendant denies the allegations set forth therein, except avers that jurisdiction is proper.

25.     No response is required to the allegations set forth in Paragraph "25" of Plaintiff's Complaint to the extent they call for a legal conclusion.  To the extent a response is required, Defendant denies the allegations set forth therein, except avers that jurisdiction is proper.

26.     No response is required to the allegations set forth in Paragraph "26" of Plaintiff's Complaint to the extent they call for a legal conclusion.  To the extent a response is required, Defendant denies the allegations set forth therein, except avers that jurisdiction is proper.

27.     No response is required to the allegations set forth in Paragraph "27" of Plaintiff's Complaint to the extent they call for a legal conclusion.  To the extent a response is required, Defendant denies the allegations set forth therein, except avers that jurisdiction is proper.

28.     No response is required to the allegations set forth in Paragraph "28" of Plaintiff's Complaint to the extent they call for a legal conclusion.

29.     No response is required to the allegations set forth in Paragraph "29" of Plaintiff's Complaint to the extent they call for a legal conclusion.

30.    Defendant admits the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31.    Defendant denies the allegations set forth in Paragraph "31" of Plaintiff's Complaint, except avers that at times field data collectors perform the duties described therein.

32.    Defendant denies the allegations set forth in Paragraph "32" of Plaintiff's Complaint, except avers that at times field data collectors perform the duties described therein.

33.    Defendant admits the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34.    Defendant admits the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35.    Defendant admits the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36.    Defendant denies the allegations set forth in Paragraph "36" of Plaintiff's Complaint, except avers that Defendant pays its employees for all hours worked.

37.    Defendant denies the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38.    Defendant denies the allegations set forth in Paragraph "38" of Plaintiff's Complaint, except avers that Defendant pays its employees for all hours worked.

39.    Defendant denies the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40.    Defendant denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint, except avers that Defendant pays its employees for all hours worked.

41.    Defendant denies the allegations set forth in Paragraph "41" of Plaintiff's Complaint, except avers that Defendant pays its employees for all hours worked.

42.    Defendant denies the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43.    Defendant denies the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44.    Defendant denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45.    Defendant denies the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46.    Defendant denies the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47.    Defendant denies the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48.    Defendant denies the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49.    Defendant denies the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50.    Defendant denies the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51.    Defendant denies the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52.    No response is required to the allegations set forth in Paragraph "52" of Plaintiff's Complaint to the extent they call for a legal conclusion. To the extent a response is required, Defendant denies the allegations set forth therein, except avers that Defendant pays its employees for all hours worked.

53.    Defendant denies the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54.    Defendant denies the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55.    Defendant denies the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56.    Defendant denies the allegations set forth in Paragraph "56" of Plaintiff's Complaint, and refers to the document referenced for a true and correct statement of its contents.

57.    Defendant denies the allegations set forth in Paragraph "57" of Plaintiff's Complaint, and refers to the document referenced for a true and correct statement of its contents.

58.    Defendant denies the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59.    No response is required to the allegations set forth in Paragraph "59" of Plaintiff's Complaint to the extent they call for a legal conclusion.

60.    Defendant denies the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61.    Defendant denies the allegations set forth in Paragraph "61" of Plaintiff's Complaint, and refers to the document referenced for a true and correct statement of its contents.

62.     Defendant denies the allegations set forth in Paragraph "62" of Plaintiff's Complaint, and refers to the document referenced for a true and correct statement of its contents.

63.     Defendant denies the allegations set forth in Paragraph "63" of Plaintiff's Complaint.

64.     Defendant denies the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

### AS TO COLLECTIVE ACTION ALLEGATIONS

66.     Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "65" of the Complaint, as if set forth at length herein.

67.     Defendant denies the allegations set forth in Paragraph "67" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

68.     Defendant denies the allegations set forth in Paragraph "68" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

69.     Defendant denies the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

70.     Defendant denies the allegations set forth in Paragraph "70" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

71.     Defendant denies the allegations set forth in Paragraph "71" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

72.     Defendant denies the allegations set forth in Paragraph "72" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

73.    Defendant denies the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74.    Defendant denies the allegations set forth in Paragraph "74" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

75.    Defendant denies the allegations set forth in Paragraph "75" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

## AS TO RULE 23 CLASS ACTION ALLEGATIONS

76.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "75" of the Complaint, as if set forth at length herein.

77.    Defendant denies the allegations set forth in Paragraph "77" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

78.    Defendant denies the allegations, including as stated in subparagraphs (a) through (c), set forth in Paragraph "78" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

79.    Defendant denies the allegations set forth in Paragraph "79" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

80.    Defendant denies the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81.    Defendant denies the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82.    Defendant denies the allegations set forth in Paragraph "82" of Plaintiff's Complaint.

83.    Defendant denies the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

84.    Defendant denies the allegations set forth in Paragraph "84" of Plaintiff's Complaint.

85.    Defendant denies the allegations set forth in Paragraph "85" of Plaintiff's Complaint,.

86.    Defendant denies the allegations set forth in Paragraph "86" of Plaintiff's Complaint, except avers that Plaintiff purports to proceed as described therein.

**AS TO COUNT I**
**Individual and 29 U.S.C. §216(b) Collective Action Claims**
**Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.**
**Failure to Pay Overtime Wages**

87.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "86" of the Complaint, as if set forth at length herein.

88.    No response is required to the allegations set forth in Paragraph "88" of Plaintiff's Complaint to the extent they call for a legal conclusion.

89.    Defendant denies the allegations set forth in Paragraph "89" of Plaintiff's Complaint.

90.    Defendant denies the allegations set forth in Paragraph "90" of Plaintiff's Complaint.

91.    Defendant denies the allegations set forth in Paragraph "91" of Plaintiff's Complaint.

92.    Defendant denies the allegations set forth in Paragraph "92" of Plaintiff's Complaint.

10

93.   Defendant denies the allegations set forth in Paragraph "93" of Plaintiff's Complaint.

94.   Defendant denies the allegations set forth in Paragraph "94" of Plaintiff's Complaint

## AS TO COUNT II
### Individual and Fed R. Civ. P. 23 Class Action Claims
### Violation of KRS § 337.285 Failure to Pay Overtime Wages

95.   Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "94" of the Complaint, as if set forth at length herein.

96.   No response is required to the allegations set forth in Paragraph "96" of Plaintiff's Complaint to the extent they call for a legal conclusion.

97.   Defendant denies the allegations set forth in Paragraph "97" of Plaintiff's Complaint.

98.   Defendant denies the allegations set forth in Paragraph "98" of Plaintiff's Complaint.

99.   Defendant denies the allegations set forth in Paragraph "99" of Plaintiff's Complaint.

100.   Defendant denies the allegations set forth in Paragraph "100" of Plaintiff's Complaint.

101.   Defendant denies the allegations set forth in Paragraph "101" of Plaintiff's Complaint.

11

**AS TO COUNT III**
**Individual and Fed R. Civ. P. 23 Class Action Claims**
**Violation of KRS § 337.020 Failure to Pay Wages**

102.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "101" of the Complaint, as if set forth at length herein.

103.    No response is required to the allegations set forth in Paragraph "103" of Plaintiff's Complaint to the extent they call for a legal conclusion.

104.    Defendant denies the allegations set forth in Paragraph "104" of Plaintiff's Complaint, except avers that Defendant paid its employees for all hours worked.

105.    Defendant denies the allegations set forth in Paragraph "105" of Plaintiff's Complaint.

106.    Defendant denies the allegations set forth in Paragraph "106" of Plaintiff's Complaint.

107.    Defendant denies the allegations set forth in Paragraph "107" of Plaintiff's Complaint.

**AS TO COUNT IV**
**Individual and Fed R. Civ. P. 23 Class Action Claims**
**Failure to Pay Overtime Wages**

108.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "107" of the Complaint, as if set forth at length herein.

109.    No response is required to the allegations set forth in Paragraph "109" of Plaintiff's Complaint to the extent they call for a legal conclusion.

110.    Defendant denies the allegations set forth in Paragraph "110" of Plaintiff's Complaint.

12

111. Defendant denies the allegations set forth in Paragraph "111" of Plaintiff's Complaint.

112. Defendant denies the allegations set forth in Paragraph "112" of Plaintiff's Complaint.

113. Defendant denies the allegations set forth in Paragraph "113" of Plaintiff's Complaint.

114. Defendant denies the allegations set forth in Paragraph "114" of Plaintiff's Complaint.

### AS TO COUNT V
### Individual and Fed R. Civ. P. 23 Class Action Claims
### Violation of the VWPA Failure to Pay Wages

115. Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "114" of the Complaint, as if set forth at length herein.

116. No response is required to the allegations set forth in Paragraph "116" of Plaintiff's Complaint to the extent they call for a legal conclusion.

117. Defendant denies the allegations set forth in Paragraph "117" of Plaintiff's Complaint, except avers that Defendant paid its employees for all hours worked.

118. Defendant denies the allegations set forth in Paragraph "118" of Plaintiff's Complaint.

119. Defendant denies the allegations set forth in Paragraph "119" of Plaintiff's Complaint.

120. Defendant denies the allegations set forth in Paragraph "120" of Plaintiff's Complaint.

## AS TO COUNT VI
### Individual and Fed R. Civ. P. 23 Class Action Claims
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* Failure to Pay Overtime Wages

121.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "120" of the Complaint, as if set forth at length herein.

122.    Defendant denies the allegations set forth in Paragraph "122" of Plaintiff's Complaint.

123.    Defendant denies the allegations set forth in Paragraph "123" of Plaintiff's Complaint.

124.    Defendant denies the allegations set forth in Paragraph "124" of Plaintiff's Complaint.

125.    Defendant denies the allegations set forth in Paragraph "125" of Plaintiff's Complaint.

126.    Defendant denies the allegations set forth in Paragraph "126" of Plaintiff's Complaint.

## AS TO COUNT VII
### Individual and Fed R. Civ. P. 23 Class Action Claims
### Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 206.1, *et seq.* Failure to Pay Wages

127.    Defendant repeats, realleges and reiterates each of its denials and other responses to Paragraphs "1" through "126" of the Complaint, as if set forth at length herein.

128.    Defendant denies the allegations set forth in Paragraph "128" of Plaintiff's Complaint, except avers that Defendant paid its employees for all hours worked.

129.    Defendant denies the allegations set forth in Paragraph "129" of Plaintiff's Complaint.

14

130.    Defendant denies the allegations set forth in Paragraph "130" of Plaintiff's Complaint.

131.    Defendant denies the allegations set forth in Paragraph "131" of Plaintiff's Complaint.

## AS TO RELIEF REQUESTED

132.    Defendant denies each allegation set forth in the Prayer for Relief of Plaintiff's Complaint, including subparagraphs (A) through (O).

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

133.    Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR A FIRST DEFENSE

134.    Plaintiff fails to state a claim upon which relief may be granted, either on his own behalf or on behalf of those persons whom he purports to represent.

## AS AND FOR A SECOND DEFENSE

135.    Plaintiff's claims are barred, in whole or in part, by the applicable limitations' periods.

## AS AND FOR A THIRD DEFENSE

136.    This case may not be maintained as a class or collective action because there are not common questions of law or fact among Plaintiff and the other individuals he purports to represent.

## AS AND FOR A FOURTH DEFENSE

137.    Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

15

## AS AND FOR A FIFTH DEFENSE

138.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A SIXTH DEFENSE

139.    This case is not appropriate for class or collective treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class action members.

## AS AND FOR A SEVENTH DEFENSE

140.    Plaintiff cannot establish or maintain a class or collective action because it cannot be demonstrated that a class or collective action is superior to other methods available for adjudicating this controversy.

## AS AND FOR AN EIGHTH DEFENSE

141.    Plaintiff's claims for damages are barred or limited by the Defendant's good faith efforts to comply with applicable law.

## AS AND FOR A NINTH DEFENSE

142.    Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Fair Labor Standards Act, Kentucky Revised Statutes § 337.020, Virginia Overtime Wage Act, Virginia Wage Payment Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law.

## AS AND FOR A TENTH DEFENSE

143.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the Fair Labor Standards Act,

16

Kentucky Revised Statutes § 337.020, Virginia Overtime Wage Act, Virginia Wage Payment Act, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law.

## AS AND FOR AN ELEVENTH DEFENSE

144. To the extent that Plaintiff or any members of the putative class or collective have signed a release and/or waiver encompassing claims alleged in Plaintiff's Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## AS AND FOR A TWELFTH DEFENSE

145. Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS AND FOR A THIRTEENTH DEFENSE

146. Plaintiff's claims are barred, in whole or in part, because Defendant properly compensated Plaintiff under the Fair Labor Standards Act and/or applicable state wage and hour laws.

## AS AND FOR A FOURTEENTH DEFENSE

147. Plaintiff's claims are barred, in whole or in part, because the hours alleged to have been worked are not compensable "hours worked" within the meaning of the FLSA and/or applicable state wage and hour laws.

## AS AND FOR A FIFTEENTH DEFENSE

148. The Defendant has the right to offset any wage obligation by the cost of any facilities provided pursuant to 29 U.S.C. § 203(m).

## AS AND FOR A SIXTEENTH DEFENSE

149. Defendant did not request Plaintiff to work uncompensated overtime hours nor did

17

Defendant know or have reason to know that Plaintiff was working any uncompensated overtime hours beyond the restrictions imposed by Plaintiff's supervisor.

## AS AND FOR A SEVENTEENTH DEFENSE

150.    Wage withholding, if any, was not willful but was based on a bona fide dispute.

## AS AND FOR AN EIGHTEENTH DEFENSE

151.    Defendant engaged in no willful misconduct.

## AS AND FOR A NINETEENTH DEFENSE

152.    Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260, since, at all times relevant and material herein, Defendant acted in good faith as provided in 29 U.S.C. § 260, and had reasonable grounds for believing that it did not violate the FLSA.

## AS AND FOR A TWENTIETH DEFENSE

153.    Plaintiff has not shown that any alleged violation of the FLSA was willful such that a three-year limitations period would apply.

## AS AND FOR A TWENTY-FIRST DEFENSE

154.    Defendant did not receive any benefit from any of the claimed overtime hours allegedly performed by Plaintiff.

## AS AND FOR A TWENTY-SECOND DEFENSE

155.    Plaintiff's Fair Labor Standards Act claims are barred in whole or in part by the Portal-to-Portal Act because all actions taken in connection with each Plaintiff's compensation were done in "good faith" and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and/or enforcement policies of the U.S. Department of Labor.

## AS AND FOR A TWENTY-THIRD DEFENSE

156.    Plaintiff is not entitled to overtime wages for work time that was used for personal reasons that have no connection with Defendant's business.

## AS AND FOR A TWENTY-FOURTH DEFENSE

157.    This action cannot be maintained as a collective or class action because Plaintiff is not an adequate representative for the proposed collective and class action.

## AS AND FOR A TWENTY-FIFTH DEFENSE

158.    This action cannot be maintained as a collective or class action because Plaintiff has failed to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the overtime pay requirements of the FLSA.

## AS AND FOR A TWENTY-SIXTH DEFENSE

159.    Certification of a class or collective is inappropriate because an independent and individualized analysis of the claims of each Plaintiff, opt-in Plaintiff, and putative class member, and each of Defendant's defenses thereto, is required.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

160.    The Plaintiff's state claims are preempted by the Fair Labor Standards Act including, but not limited to, being preempted under the doctrine of conflict or obstacle preemption.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

161.    Plaintiff's claims are barred, in whole or in part, because, at all times material to the Complaint, Defendant did not willfully fail to comply with the FLSA and/or applicable state wage and hour laws, but acted in good faith and in conformity with interpretive guidance from the Department of Labor and/or state agency.

19

## AS AND FOR A TWENTY-NINTH DEFENSE

162.    Plaintiff's claim for damages is barred or reduced to account for payments made by Defendant for pay to which the plaintiff was not entitled under the FLSA or applicable state law.

## RESERVATION OF DEFENSES

163.    In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any class or collective members as those claims become known during this litigation.

WHEREFORE, Defendant respectfully requests that the Court:

1.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.    Deny each demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.    Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated:  May 23, 2025          By:    _____
            New York, New York              Jason A. Zoldessy
                                            Xinlai Richard Sui

                                            ATTORNEYS FOR DEFENDANT

4904-3767-5332, v. 2

20